CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 23 2024
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RICKEY YOUNG, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:24-cv-00018 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAMERON M. ROUNTREE, *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

This matter is before the court on Plaintiff Rickey Young's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) After review of Plaintiff's motion, the court will grant Plaintiff leave to proceed without prepayment of fees or costs. But in exercising its screening obligation under 28 U.S.C. § 1915, the court will dismiss Plaintiff's complaint for lack of jurisdiction.

Plaintiff's complaint stems, it seems, from proceedings that began in approximately 2003 when he surrendered his license to practice law in Virginia following conviction for "misdemeanor failing to file tax returns and contempt." (Compl. ¶ 5 [ECF No. 1].) He contends there was an agreement between him and the Virginia State Bar ("VSB") to have his license "reinstated with the understanding that [he] would make monthly payments for money owed to the" VSB, but that the Supreme Court of Virginia "modified reversed [*sic*] the [VSB] Decision." (*Id.* ¶ 6b.) He also claims that former Chief Justice Donald Lemons should have recused himself from the Virginia Supreme Court's decision due to a personal conflict of interest. (*See id.* ¶ 13.) Last, he asserts that he "overpaid" the VSB "by $4,445.00," but that the VSB "denies receiving donations toward the money owed to the bar" and that "[t]he [VSB] has refused to admit that reinstatement would follow repayment of the money owed." (*Id.*

¶¶ 9–10, 12.) As a result of these alleged wrongs, Plaintiff seeks reinstatement to the VSB, full reimbursement of the funds allegedly paid to the VSB, Justice Lemons's disqualification from any decision regarding Plaintiff,[1] and $1,000,000.00. (*See id.* ¶ 2 & Prayer for Relief.)

If a party seeks and is granted leave to proceed *in forma pauperis*, he may prosecute his case without prepayment of the required fees or costs. But in doing so, he gives the court more latitude to act unilaterally than it otherwise would have. Ordinarily, a court does not rule on the merits of a claim without being asked to do so by the parties. But Congress has directed it to do so when a party asks to prosecute his claim without payment of the required fees. Specifically, the statute that authorizes proceedings *in forma pauperis* provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>   (B) the action or appeal—
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the court has an obligation to screen any complaint that is submitted to the court by a party proceeding *in forma pauperis*.

Plaintiff's complaint suffers several fatal deficiencies. First, insofar as he seeks redress for violations of his 5th and 14th Amendment rights, his claim is actionable under 42 U.S.C. § 1983. It is well-settled that, because § 1983 does not contain a statute of limitations, courts utilize the statute of limitations for personal injuries of the state in which the alleged violation occurred. *See DaPaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). In Virginia, that is two years.

---

[1] This request is moot because, as Plaintiff states in his complaint, Chief Justice Lemons retired from the Supreme Court of Virginia.

Va. Code Ann. § 8.01-243(A). Here, Plaintiff asserts that he voluntarily surrendered his law license in 2003 and that the VSB "originally agreed to allow reinstatement following five years." (Compl. ¶ 6.) That brings the action up through 2008. Plaintiff does not allege when any of the subsequent hearings and denials took place, but given that Justice Lemons, who is alleged to have been involved in all stages of Plaintiff's disbarment review, retired from the Supreme Court of Virginia in February 2022,[2] it is simply not possible that any of the alleged wrongdoing occurred within the two years preceding the filing of Plaintiff's complaint on April 22, 2024.

More fundamentally, even if Plaintiff were to amend his complaint and allege wrongdoing within the applicable statute of limitations, it is well-settled that "[t]he lower federal courts do not have subject matter jurisdiction to review state disbarment proceedings." *Phelps v. Kan. Sup. Ct.*, 662 F.2d 649, 651 (10th Cir. 1981); *see also Reisinger v. Saylor*, No. 3:20-CV-126, 2020 WL 3053046, at *4 (M.D. Pa. Jan. 28, 2020) ("Federal courts have frequently found that the *Rooker-Feldman* doctrine applies and call for dismissal of any federal complaint that it [*sic*] inextricably intertwined with the merits of a state disbarment decision.") (cleaned up); *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 817–19 (4th Cir. 2000) (holding that the disciplinary board of a state bar is judicial in nature, can be considered part of the "system of state courts," and that their judicial decisions are not subject to review by the federal courts);

---

[2] *See* Press Release, Supreme Court of Virginia, *The Honorable Donald W. Lemons, Chief Justice of the Supreme Court of Virginia, to Step Down, Effective December 31, 2021. The Honorable S. Bernard Goodwyn Elected Chief Justice of the Supreme Court of Virginia, Effective January 1, 2022* (Dec. 20, 2021), *available at* https://www.vacourts.gov/news/items/2021_1220_scv_press_release_chief_justice.pdf; Dean Mirshahi, *Chief Justice of Virginia Supreme Court plans to retire on Feb. 1*, WRIC (Dec. 22, 2021), *available at* https://www.wric.com/news/virginia-news/chief-justice-of-virginia-supreme-court-plans-to-retire-on-feb-1; Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

*Konan v. Sengel*, 239 F. App'x 780, 781 (4th Cir. 2007) (per curiam) (unpublished) ("Because the [VSB Disciplinary] Board's function is judicial in nature, we hold that its rulings are subject to the *Rooker-Feldman* doctrine and, therefore, not reviewable by a federal district court.") Accordingly, the court simply cannot entertain claims related to Plaintiff's disbarment proceedings, however egregious they are alleged to have been.[3]

For these reasons, although the court will permit Plaintiff to proceed without prepayment of fees or costs, it will dismiss his complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 23rd day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] It is also clear that former Chief Justice Lemons, in exercising his duties as a Justice of the Supreme Court of Virginia, is protected by absolute judicial immunity despite the nature of Plaintiff's allegations. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.") (internal citation omitted); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly . . . .").